**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GABRIELLA MARTINEZ and LAURA SANTUCCI,

     *Plaintiffs*,

           v.

PIE FIVE RESTAURANTS, INC.,

     *Defendant*.

Case No. 1:21-cv-2814

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Gabriella Martinez and Laura Santucci, individually and on behalf of all others similarly situated, bring this Class Action Complaint and Demand for Jury Trial against Defendant Pie Five Restaurants, Inc. Plaintiffs allege the following based upon personal knowledge as to their own experiences, and as to all other matters upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE CASE

1.    This class action alleges violations of the Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA").

2.    Since 2008, BIPA has imposed a notice-and-consent requirement on companies possessing biometric data like fingerprints, voiceprints, and faceprints.

3.    Defendant captured, collected, and maintained Plaintiffs' biometrics without proper notice and consent. Accordingly, Plaintiffs seek statutory damages as authorized by BIPA.

### PARTIES

4.    Plaintiff Martinez is a citizen of Illinois and a resident of Cook County.

5.    Plaintiff Santucci is a citizen of Illinois and a resident of DuPage County.

6.      Defendant Pie Five Restaurants, Inc. is a Texas corporation headquartered in The Colony, Texas.

## JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over Defendant because Defendant was registered to do business in this State, Defendant conducted substantial business in this State, and because Plaintiffs' claims arise out of Defendant's conduct within this State.

8.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) because this is a class action in which the only defendant is a citizen of a different state than Plaintiff and the other class members, and because the amount in controversy exceeds $5,000,000.00.

9.      Venue is proper in this District because Defendant conducted substantial business in this District and the conduct giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL BACKGROUND

10.     Defendant operates a chain of fast-casual pizza restaurants.

11.     Plaintiffs worked for Defendant at its Elmhurst, Illinois location.

12.     Defendant's timekeeping and point-of-sale systems allowed workers, including Plaintiffs, to unlock the registers and to clock in and out of shifts and breaks with a fingerprint scanner.

13.     The fingerprint scanner was connected to Defendant's timekeeping, payroll, and point-of-sale system (collectively, the "Biometric System").

14.     Plaintiffs used the Biometric System to clock in and out and to unlock the POS registers.

15.     In addition to collecting fingerprints, the Biometric System collected and maintained reference templates derived from workers' fingerprints.

16.     Each time a worker used the Biometric System, the Biometric System captured a new fingerprint, converted that fingerprint capture into algorithmic data points, and compared those data points against the stored reference template to identify the worker.

17.     Defendant did not explain the Biometric System to its workers.

18.     Defendant did not tell its workers how it used data collected through the Biometric System.

19.     Defendant did not tell its workers how long it kept the data collected through the Biometric System.

20.     Defendant's workers did not consent to Defendant's collection of their fingerprints or the identifying data derived from them.

21.     BIPA has been the law of the State of Illinois since 2008.

22.     At the beginning of the class period, May 24, 2016, BIPA had been in effect for seven years.

23.     By the beginning of the class period, BIPA had also been in the news for some time. Facebook had been sued for BIPA violations earlier in the year, generating headlines in legal and lay press like.[1]

24.     Throughout the class period, BIPA was well known, and its obligations clear.

**CLASS ALLEGATIONS**

25.     Plaintiffs bring this action on behalf of the following class:

> All individuals identified in Defendant's Biometric System within the preceding five years.

---

[1]*See* Tony Briscoe, *Suit: Facebook facial recognition technology violates Illinois privacy laws*, Chicago Tribune (Apr. 1, 2015), https://www.chicagotribune.com/news/breaking/ct-facebook-facial-recognition-lawsuit-met-story.html; Emily Field, *Facebook's Facial Recognition Violates Privacy, Suit Says*, Law360 (Apr. 2, 2015), https://www.law360.com/articles/638799/facebook-s-facial-recognition-violates-privacy-suit-says.

26.     Excluded from the Class are any members of the judiciary assigned to preside over this matter, any officer or director of Defendant, counsel for the Parties, and any immediate family member of any of the same.

27.     Upon information and belief, the Class contains scores, if not hundreds, of individuals. The Class is therefore so numerous that joinder of all members is impracticable. The precise number of Class members can be determined by reference to Defendant's records.

28.     Plaintiffs' claims are typical of the proposed Class's. Plaintiffs' claims have the same factual and legal bases as the proposed Class members', and Defendant's conduct has resulted in identical injuries to Plaintiffs and the other Class members.

29.     Common questions of law and fact will predominate over any individualized inquiries. Those common questions include:

> a.     Whether Defendant collected the Class's biometric identifiers or biometric information;
>
> b.     Whether Defendant disclosed the Class's biometric identifiers or information;
>
> c.     Whether Defendant published a written policy establishing a retention schedule and biometric-destruction guidelines;
>
> d.     Whether Defendant obtained a written release prior to collecting the Class's biometrics;
>
> e.     Whether Defendant informed the Class, in writing, of the purposes and duration for which their biometrics would be collected and stored;
>
> f.     Whether Defendant is liable for $5,000 or only $1,000 per violation.

30.     Absent a class action, most Class members would find their claims prohibitively expensive to bring individually, and would be left without an adequate remedy. Class treatment of the common questions is also superior because it conserves the Court's and Parties' resources and promotes efficiency and consistency of adjudication.

31.     Plaintiffs will adequately represent the Class. Plaintiffs have retained counsel experienced in biometric class actions. Plaintiffs and Plaintiffs' counsel are committed to vigorously litigating this action on the Class's behalf, and have the resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to the Class.

32.     Defendant acted on grounds generally applicable to the Class, requiring the Court's imposition of uniform relief, including injunctive and declaratory relief to the Class.

**COUNT I**
**Violation of 740 ILCS 14/15**
**(On behalf of Plaintiff and the Class)**

33.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

34.     As a Texas corporation, Defendant is a private entity. 740 ICLS 14/10.

35.     By scanning Plaintiffs' and the Class's fingerprints through the Biometric System, Defendant captured and collected Plaintiffs' and the Class's biometric identifiers. 740 ILCS 14/10.

36.     By converting the scanned fingerprints to numeric representations, Defendant captured and collected Plaintiffs' and the Class's biometric information. 740 ILCS 14/10.

37.     By capturing and maintaining reference templates and associated timekeeping and transaction information, Defendant collected Plaintiffs' and the Class's biometric information. 740 ILCS 14/10.

38.     Prior to collecting Plaintiffs' and the Class's biometric identifiers and information, Defendant did not inform Plaintiffs and the Class in writing that their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(1).

39.     Prior to collecting Plaintiffs' and the Class's biometric identifiers and information, Defendant did not inform Plaintiffs and the Class of the specific purpose for which their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(2).

40. Prior to collecting Plaintiffs' and the Class's biometric identifiers and information, Defendant did not inform Plaintiffs and the Class of the length of time that their biometrics would be maintained. 740 ILCS 14/15(b)(2).

41. Prior to collecting Plaintiffs' and the Class's biometric identifiers and information, Defendant did not obtain a written release authorizing such collection. 740 ILCS 14/15(b)(3).

42. While Defendant was in possession of Plaintiffs' and the Class's biometric identifiers and information, Defendant failed to provide a publicly available retention schedule detailing the length of time it would maintain Plaintiffs' and the Class's biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

b. Declaring that Defendant's actions as set forth herein violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the Class;

d. Finding Defendant's conduct intentional or reckless and awarding $5,000 in damages per violation, per Class member under 740 ILCS 14/20(2), or, if Defendant's conduct does not rise to that standard, $1,000 per violation, per Class member under 740 ILCS 14/20(1);

e. Awarding Plaintiffs and the Class their reasonable attorneys' fees, costs, and other litigation expenses under 740 ILCS 14/20(3);

f. Awarding Plaintiffs and the Class pre- and post-judgment interest; and

g. Awarding such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims and issues so triable.

Dated: May 25, 2021                     Respectfully submitted,

                                         s/ J. Dominick Larry
                                         One of Plaintiffs' Attorneys

Thomas R. Kayes
LAW OFFICES OF THOMAS R. KAYES, LLC
2045 W. Grand Ave., Suite B, PMB 62448
Chicago, IL 60612
T: 708.722.2241
tom@kayes.law

J. Dominick Larry
NICK LARRY LAW LLC
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
T: 773.694.4669
F: 773.694.4691
nick@nicklarry.law

James X. Bormes
LAW OFFICE OF JAMES X. BORMES, P.C.
8 S. Michigan Ave., Suite 2600
Chicago, IL 60603
T: 312.201.0575
jxbormes@bormeslaw.com

*Attorneys for Plaintiff and the Class*